UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60962-CIV-MORENO/TORRES

AMERISURE MUTUAL
INSURANCE COMPANY,

        Plaintiff,

vs.

M&R DRYWALL, INC.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant M&R Drywall, Inc.'s Motion to Dismiss [D.E. 6]. The Court has reviewed the motion, Plaintiff's response, the replies, related authorities submitted by the parties, and the record in the case. For the foregoing reasons the motion to dismiss should be denied.

### I.  BACKGROUND

This insurance coverage dispute arises out of a high rise condominium construction project known as Southgate Towers ("Project") located in Baton Rouge, Louisiana. The story begins sometime in 2003 when Southgate Towers, LLC and Southgate Penthouses, LLC ("Southgate") contracted with MAPP Construction, LLC ("MAPP") to serve as the general contractor for the Project. On or about August 30, 2003, MAPP entered into an agreement with Defendant M&R Drywall, Inc. ("M&R"

or "Defendant") to provide drywall and stucco the entire envelope for the Project. M&R's construction on the Project continued until January 13, 2005 when the final building of the Project was declared substantially complete. Meanwhile, on December 18, 2004, Plaintiff Amerisure Mutual Insurance Company ("Amerisure" or "Plaintiff") issued Commercial General Liability policies ("Amerisure Policies") to M&R for the period ending December 18, 2005.

Apparently due to MAPP's refusal to pay several subcontractors for their work on the Southgate Project, M&R filed a "Statement of Lien and Privilege" to invoke its rights against the owner of the Project and the property upon which the Project was constructed. On February 15, 2005, M&R filed suit in Louisiana's 19th Judicial District Court against, *inter alia*, MAPP and Southgate Towers to enforce its lien for work in an amount exceeding 1.8 million dollars ("M&R Suit"). On September 12, 2005, MAPP filed a counterclaim in the M&R Suit asserting back charge claims issued by MAPP to M&R because of M&R's alleged poor and defective workmanship.

Thereafter, in July 2006, MAPP filed a demand for arbitration with the American Arbitration Association against Southgate for claims related to work performed under the construction contracts ("MAPP/Southgate Arbitration"). In response, Southgate filed their own demand for arbitration as a counterclaim, alleging construction defects and MAPP's failure to perform the work in a good and workmanlike manner. M&R was not a party to the MAPP/Southgate Arbitration.

Finally, on December 19, 2006, third lawsuit followed when Southgate filed a complaint against MAPP, Michael Polito, MAPP's major principal, and certain other

subcontractors ("Southgate Suit"). Once again, Southgate's claims all related to the construction defects. On March 12, 2007, the state court denied MAPP's motions to stay pending the resolution of the MAPP/Southgate Arbitration. However, Louisiana's First Circuit Court of Appeals reversed the trial court and granted a stay of the proceedings against MAPP, Polito, and the subcontractors pending resolution of the arbitration.

On July 2, 2007, notwithstanding the stay order, Southgate amended its complaint adding Amerisure and forty other insurance companies as defendants. The amended complaint alleged that the insurance companies have named MAPP as an additional insured under their respective policies and asserted that the insurers owed MAPP and Southgate defense and indemnity under the policies.[1]

On August 2, 2007 and September 18, 2007, Amerisure filed motions to stay the state court proceedings in light of the fact that the court had previously stayed all of the actions against Amerisure's alleged insureds, including M&R. Although the trial court initially denied the motions, the court of appeals once again reversed and granted a stay to the various insurers including Amerisure. As a result, all Louisiana state court litigation is currently stayed pending the resolution of the MAPP/Southgate Arbitration.

Meanwhile, on June 8, 2010, after nearly three years of stay and no progress in the Southgate Suit, Amerisure brought this declaratory judgment action against M&R pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration

---

[1] On July 6, 2007, the M&R Suit was consolidated with the Southgate Suit.

that it has no duty to defend or indemnify M&R with respect to Southgate's claims. The Complaint alleges that the alleged "property damage" at issue in the Louisiana proceedings occurred before the effective date of the Amerisure Policies. *See* Complaint ¶¶ 20-22. Thus, Plaintiff contends that to the extent that the damages alleged do not result from an "occurrence" during the policy periods, there is no indemnity owed under the Amerisure Policies. *Id*. ¶ 23. The Complaint also alleges the applicability of various policy exclusions such as: "known loss and loss in progress," "damage to property," and "fungi or bacteria" exclusions. *Id*. ¶¶ 26-33.

M&R now moves to dismiss this declaratory judgment action because of the pending MAPP/Southgate Arbitration and Southgate Suit. In particular, Defendant argues that we should exercise our discretion and decline to exercise jurisdiction over this action. Mainly relying on the principals outlined by the *Colorado River* doctrine, M&R contends that the parallel proceedings in Louisiana are the logical appropriate forum for resolution of the issues presented.

Plaintiff's response in opposition of M&R's motion argues that this Court should not invoke the exceptional doctrine of abstention and exercise jurisdiction over this action. Plaintiff emphasizes that, as a result of the stay order issued in 2007, there has been no discovery on behalf of the insurers, no motion practice concerning insurance issues, and no rulings of any kind issued concerning the insurance coverage. Amerisure points out that close examination of the factors enumerated by the *Colorado River* decision weighs against dismissal of this action in favor of the Louisiana proceedings.

## II.  LEGAL STANDARD

It is well-settled that the Declaratory Judgment Act is properly "understood to confer federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls, Co.*, 515 U.S. 277, 286 (1995). "The Declaratory Judgment Act is 'an enabling Act which confers a discretion on courts rather than an absolute right upon the litigant.'" *Ameritas Variable Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Wilton*, 515 U.S. at 287).

More than six decades ago, the Supreme Court ruled that it would be both "uneconomical" and "vexatious" for a federal district court to hear a declaratory judgment action, concurrently with ongoing proceedings involving the same parties and same legal issues (not arising under federal law) in state court. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). The Supreme Court in *Brillhart* admonished lower courts to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Id*. In the wake of *Brillhart*, courts in this Circuit have long recognized that they have discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between parties." *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982); *see also Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000) ("A court may exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues.").

"[T]he test in deciding whether to exercise jurisdiction is whether the

controversy 'can better be settled in the proceeding pending in the state court.'" *Mega Life & Health Ins. Co. v. Tordion*, 399 F. Supp. 2d 1366, 1369 (S.D. Fla. 2005) (quoting *Brillhart*, 316 U.S. at 495). "[A] federal court should decline jurisdiction where it 'might be indulging in "gratuitous interference" if it permitted the federal declaratory action to proceed.'" *Id.* (quoting *Wilton*, 515 U.S. at 283).

Based on these principles, the Eleventh Circuit set forth a list of non-exclusive guidepost factors a district court should consider to determine whether to retain jurisdiction or dismiss a declaratory judgment action. *Ameritas*, 411 F.3d at 1331. These factors include: (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the judgment in the federal declaratory action would settle the controversy; (iii) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (iv) whether the declaratory remedy is being used merely for the purpose of "procedural fending" - that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case not otherwise removable; (v) whether the use of the declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (vi) whether there is an alternative remedy that is better or more effective; (vii) whether the underlying factual issue are important to an informed resolution of the case; (viii) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (ix) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. *Id.*

While Defendant makes mention, in its brief, of *Brillhart*, it wholly ignores both the *Wilton* and the *Ameritas* decisions. Instead, Defendant concentrates its abstention arguments on the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424, U.S. 800 (1976). *See* Def.'s Mot. at 5 [D.E. 7]. Not surprisingly, in response, Plaintiff concentrates mainly upon the *Colorado River* "exceptional" circumstances test.

*Colorado River* is inapplicable here. "*Colorado River* addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal & Construction Co. v. Pages Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). Under this doctrine, where a concurrent state proceeding is pending, a district court may abstain from exercising jurisdiction if the circumstances are exceptional and if abstention would promote "wise judicial administration." *Colorado River*, 424 U.S. at 818. In other words, abstention from the exercise of federal jurisdiction is the exception, not the rule. *Id.* at 813 (stating that "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it").

In *Wilton*, however, the Supreme Court confirmed that the *Brillhart* test, not the "exceptional circumstances" standard set forth in *Colorado River*, governs a district court's exercise of discretion in actions brought under the Federal Declaratory Judgment Act when a parallel lawsuit is pending in state court. *Wilton*, 515 U.S. at

289-90.

### III.   ANALYSIS

Before we consider the nine factors enumerated by our Circuit in *Ameritas*, it is important to note that our discretion for dismissal of this action still falls within the auspices of *Brillhart* and its two main tenets: Is there a pending state court case raising the same issue, and are the parties in the state court case identical? *Underwriters at Lloyd's London v. Osting-Schwinn*, No. 8:05-CV-1460-17TGW, 2006 WL 947815, at *4 (M.D. Fla. Apr. 12, 2006).

Both Amerisure and M&R are involved in the Louisiana proceedings. However, Amerisure is not a party in any of the arbitration proceedings and none of its insurance policies are at issue at those proceedings. Although, Amerisure and M&R are both defendants in the Southgate Suit, they are not adversaries in that proceeding. Instead, alleging that Amerisure provided liability insurance coverage to Southgate, MAPP, and M&R, Southgate is attempting to recover directly from Amerisure as an insured on the policy. In other words, although the Amerisure Policies, as they relate to M&R, might be relevant to the Southgate Suit, the parties in that action are not identical to this declaratory judgment action.

Further, the issue facing this Court is whether M&R should be afforded liability coverage under the Amerisure Policies. The issues pending in the Southgate Suit are whether MAPP, M&R, and other subcontractors are liable to Southgate for poor workmanship and failure to adhere to the plans and specifications of the Project and, if so, whether Southgate is entitled to recover, either directly or as a third-party beneficiary, from insurance carriers under various general liability policies. Thus,

although the Southgate Suit might be related to this action, it is not a parallel proceeding. *See Bank of Atlanta v. Thomas*, 220 F.3d 1236, 1247 (11th Cir. 2000) ("It is an abuse of discretion to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist."); *Cameron & Barkley Co. v. Fabreeka Int'l, Inc.*, 144 F. Supp. 2d 1382, 1384 (M.D. Ga. 2001) (denying motion to dismiss declaratory judgment action on the ground that there was no parallel proceedings).

Next, even assuming that the presence of a related, but not parallel, proceeding gives rise to *Ameritas* discretion, Defendant's argument still falls short. Upon careful analysis of the *Ameritas* factors, we conclude that they militate strongly in favor of denying M&R's motion.

With regard to the first factor concerning states interests, they are not unique or novel so as to compel us to abstain jurisdiction of the case. To the contrary, the Southgate Suit has been stayed for almost three years and no progress has been made on any coverage issue. Furthermore, the Amerisure Policies were issued in Florida, to a Florida corporation, and substantive Florida law governs. As a result, equities favor that a federal district court in Florida resolve this dispute over a Louisiana state court.

As to the second factor, "whether the judgment in the federal declaratory action would settle the controversy," this action will certainly end the controversy between Amerisure and M&R. Similarly, it cannot be disputed that this declaratory action would serve a useful purpose in clarifying the legal relations at issue. Judgment for either party will essentially simplify the remaining issues left for the Louisiana court to resolve once the stay is lifted.

The fourth *Ameritas* guidepost also weighs against dismissal. It does not appear, and Defendant does not so argue in its motion, that the filing of this declaratory action was an exercise in strategic maneuvering. In light of the fact that Defendant is a Florida corporation with its principal place of business in the Southern District of Florida, M&R cannot argue that it is somewhat inconvenienced by having to litigate the coverage dispute here instead of Louisiana. The fifth and sixth factors similarly support a conclusion that we should retain jurisdiction over this action. The issue of insurance coverage is secondary and currently stayed in the Southgate Suit. Therefore, the concerns of federalism, comity or gratuitous interference with state court proceedings are not present. Furthermore, permitting the coverage issues to be potentially resolved following the stay and determination of primary liabilities between Southgate, MAPP and the subcontractors does not appear to be a "better or more effective" alternative to this action.

*Ameritas'* seventh and eighth factors concern "whether the underlying factual issues are important to an informed resolution of the case" and if so "whether the state trial court is in a better position to evaluate those factual issues than is the federal court." *Ameritas*, 411 F.3d at 1331. As previously noted, there has been no progress made on any coverage issues in the Southgate Suit following the stay in 2007. Therefore, the state court is clearly not in a better position to evaluate the coverage issues raised in this declaratory judgment action.

Finally, under the ninth factor, as previously stated, the issues of insurance coverage raised in this action must be decided under Florida, rather than Louisiana law. Consequently, this factor also does not favor abstention.

In sum, application of the nine *Ameritus* factors strongly weigh in favor of retaining jurisdiction over this action. To dismiss this action in its entirety would deprive Amerisure of its right to a prompt resolution of the outstanding coverage issues, and would in no way promote the objectives of efficiency, comity, federalism, and non-interference with state-court proceedings on which the *Wilton/Brillhart* doctrine is founded.

### IV.   CONCLUSION

For the foregoing reasons, Defendant M&R Drywall, Inc.'s Motion to Dismiss [D.E. 6] should be hereby **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 28th day of January, 2011.

                                              */s/ Edwin G. Torres*
                                              EDWIN G. TORRES
                                              United States Magistrate Judge